Cullen, J.
We think this appeal without merit. The relator, a fireman, was charged with being incapable of performing his duties by reason of age and physical infirmities. He was regularly tried before the commissioner on that charge, and after such trial adjudged incapable of the performance of duty. The evidence fully sustained the fact indeed the relator confessed his inability to do *145 duty, and it appeared that for months he had done no substantial service in the department. By chapter 377 of the Laws of 1880, incapacity for the performance of duty is expressly provided as a cause for removal.
The only objection urged against the proceedings before the commissioner is that the written complaint of incapacity refers to section 14, title 13, of the city charter, as authority for the charge. These charter provisions, it is claimed, have been superseded by the act of 1880, above referred to, and were no longer in force. This much may be conceded, but it cannot affect the regularity of the trial. Even in criminal indictments it is not necessary to specify the statute violated. It was sufficient that the complaint informed the relator of the exact facts charged against him, and that the facts so charged constituted by law a proper cause for removal. The reference to the statute was mere surplusage.
As the relator’s disabilities did not accrue either from his service in the department, nor during such ■ service, but existed before his entry upon service, he was not entitled to be retired on the pension list.
.. The removal of the relator should be affirmed, with costs.
Barnard, P. J., and Dyicman, J.,.concur.